UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS MEMMELAAR,

        Plaintiff,                        Case No. 1:23-cv-476

v.                                               Hon. Hala Y. Jarbou

JPMORGAN CHASE BANK, N.A.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

On or about April 18, 2023, *pro se* plaintiff, Nicholas Memmelaar filed an 80-page small claims complaint in Michigan's 58th Judicial District Court, Case No. HU23000953SC (Ottawa County, Michigan) against defendant JPMorgan Chase Bank, N.A. ("Chase") seeking damages in the amount of $6,365.00. *See* Compl. (ECF No. 1-1, PageID.6-16). The complaint is related to plaintiff's Chase credit card account ending in 9265. *See* Compl. at ¶ 13, PageID.11 and Prayer for Relief, PageID.15; and Exhibits (ECF No. 1-1, PageID.33-34, 60).[1]

The complaint includes four counts: Count I (a verified claim for violations of the FDCPA and/or similar state acts); Count II (verified claim of breach of contract); Count III (petition for cease and desist order pursuant to M.C.L. § 600.8302(2)); and, Count IV (a motion for summary judgment or motion for default judgment in the amount of $6,365.00). *See* Compl.

---

[1] Plaintiff's exhibits include copies of a previously filed small claims complaint against defendant regarding the Chase credit card account ending in 9265. *See Nicholas Memmelaar v. JPMorgan Chase Bank, National Association*, HU2209670SC (54th District Court) (ECF No. 1-1, PageID.17-32). In the earlier case, plaintiff obtained a default judgment against Chase in the amount of $6,605.00. *See* Judgment (Jan. 25, 2023 (ECF No. 1-1. PageID.62-63). Plaintiff's exhibits include a letter from defendant's counsel dated April 11, 2023, which relates to the previous lawsuit involving the credit card account ending in 9265 and states in part, "As you know, Chase paid the amount identified in the default judgment in the State Court Action via check, which you received on March 24, 2023 via Federal Express" (ECF No. 1-1, PageID.68).

at PageID.6, 14-15.  The complaint refers to the FDCPA as well as "Michigan's Regulation of Collection Practices Act (RCPA)" and the UCC.  *See id*. at PageID.6-16.[2]

Chase stated that it was served with the small claims complaint on April 26, 2023, and removed the state lawsuit to this Court on May 8, 2023, because the complaint included a claim brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.  *See* Notice of Removal (ECF No. 1); 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").  This matter is now before the Court on Chase's motion to dismiss the complaint (ECF No. 8).

> **I.    Chase's Motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**
>
> **A.    Legal Standard**

Chase has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] The Court notes that plaintiff also included six "causes of action".  These appear to part of plaintiff's "factual allegations" in § IV of his complaint which support the four counts identified in complaint.  *See* Compl. at PageID.6, 14-15.  In these factual allegations, plaintiff lists four "causes of action" under the FDCPA: First (breached contract by concealing material facts and misleading plaintiff);  Second (failed to cease collection activity on a disputed debt in violation of 15 U.S.C. § 1692g(b) and issued deceptive billing statements in violation of 15 U.S.C. § 1692e(10));  Third (continues to mail false and deceptive representation of accounting of the disputed debt in violation of § 1692e(10)); and Fourth (violated 15 U.S.C. § 1692c(c) when Chase's counsel communicated with plaintiff after plaintiff "specifically mailed a Demand to Cease Communication within his Notice of Intent to Litigate").  *Id*. at PageID.13-14.  In his Fifth Cause of Action plaintiff alleged that Chase "is acting as an unlicensed, and unregistered agent of the In God We Trust/USA Inc." and is "[f]orcing the population of the state to use In God We Trust/USA Inc. promissory notes [sic] fits the description of domestic terrorism and slavery. *Id*. at PageID.14.  In his Sixth Cause of Action plaintiff alleged that "Defendant has no license to originate, collect or issue In God We Trust/USA Inc. promissory notes colloquially known as 'dollars' which are ubiquitous providing collusion and conspiracy at all levels of banking as all banking uses these illegal business practices which are nothing more than an illegal financial pyramid scheme developed between Defendant and In God We Trust/USA Inc." PageID.14.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Discussion

#### 1. Federal claim

The gist of plaintiff's federal claim is that Chase is a debt collector which violated the FDCPA in collecting its credit card debt. Chase points out that the FDCPA contains limitations on the conduct of a "debt collector," *see* 15 U.S.C. §§ 1692b-1692j and imposes liability on any

3

"debt collector who fails to comply" with the FDCPA. 15 U.S.C. § 1692k. *See* Chase's Brief (ECF No. 9, PageID.192). For purposes of the FDCPA, a debt collector is defined as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include-- . . . .
>
> (F) any person collecting or attempting to collect any debt owed or due . . . to the extent such activity . . . (ii) concerns a debt which was originated by such person[.]

15 U.S.C. § 1692a(6)(F)(ii).

Chase contends that plaintiff has failed to allege a plausible claim against it as a "debt collector" under the FDCPA. The Court agrees. Plaintiff alleged that he had a contractual relationship with Chase with respect to the credit card account, *i.e.*, "Claimant Alleges [sic] that Defendant breached the contract." Compl. at PageID.13, ¶ 30. In this regard, the Cardmember Agreement at issue in this lawsuit states that plaintiff entered into an agreement with Chase, *i.e.*, "This document together with the Rates and Fees Table is an agreement between you, the cardmember, and JPMorgan Chase Bank, N.A., a subsidiary of JPMorgan Chase & Co." (ECF No. 16-1, PageID.399).

Plaintiff also alleged that Chase was collecting its own debt on the credit card account:

> 3.    At all relevant times herein, Defendant JPMORGAN CHASE BANK, N.A., was a company engaged, by use of the mail, in the business of collecting debts from Claimant which qualifies as a consumer debt. JPMORGAN CHASE BANK, N.A. regularly attempts to collect debts alleged to be due to it, and therefore is a debt collector.

4

Compl. at ¶ 3, PageID.9. To support his complaint, plaintiff submitted exhibits which reflect that Chase was collecting its own debt (*e.g.*, credit card statements from Chase and account information from his credit card account with Chase). *See, e.g.,* Exhs. (ECF No. 1-1, PageID.33-34, 74-82).

Based on plaintiff's complaint and the related exhibits in the record, Chase is not a debt collector under the FDCPA because it is collecting its own debt. *See* 15 U.S.C. § 1692a(6)(F)(ii); *Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003) (a bank collecting its own debts is not a "debt collector" where the bank was either the original creditor, *see* § 1692a(6)(F)(ii), or was collecting a debt which was not in default when obtained by the bank, *see* § 1692a(6)(F)(iii)); *Pinson v. JP Morgan Chase Bank, National Association*, 646 Fed. Appx. 812, 815 (11th Cir. 2016) ("[B]ecause Chase was the lender, [plaintiff's] argument that Chase was a debt collector for purposes of the FDCPA fails. Section 1692a(6)(F) exempts original creditors, such as Chase, from its definition of debt collector. 15 U.S.C. § 1692a(6)(F)."); *Weese v. TD Bank USA*, N.A., No. CV GLR-21-2349, 2022 WL 3975190 at *3 (D. Md. Aug. 31, 2022) ("TD Bank is the owner of the credit card and therefore it is the original creditor of the debt. Original creditors are excluded from the statutory definition of "debt collector." See § 1692a(6)(F)(ii)").

In summary, plaintiff's complaint fails to state a claim for relief against Chase for a violation of the FDCPA. Accordingly, Chase's motion to dismiss (ECF No. 8) should be granted as to plaintiff's FDCPA claim, which is the only federal claim alleged in the complaint. In the absence of a federal claim, this Court has no federal subject matter jurisdiction over the remaining state law claims in plaintiff's complaint.

        **2.    State law claims**

Defendant also seeks dismissal of plaintiff's state law claims. However, because plaintiff has no federal claim, this matter should be remanded to state court to address those claims. As this Court previously explained,

> "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he words of § 1447(c) are unambiguous." *Battah v. ResMAE Mortgage Corporation*, 746 F.Supp.2d 869, 874 (E.D. Mich. 2010). *See J.S.R. v. Washington Hospital Center Corporation*, 667 F.Supp.2d 83, 83-86 (D.D.C. 2009) (where the United States removed a case from the Superior Court for the District of Columbia on the basis of federal question jurisdiction, and was later dismissed as a defendant, the federal court "no longer had any subject matter jurisdiction over the case and was required, by the mandatory language of § 1447(c), to remand the case back to Superior Court"). *See, also, Graham v. University Physician Group*, No. 11–10319, 2011 WL 1157333 at *2 (E.D. Mich. March 29, 2011) (where the plaintiff's complaint, in its current form, did not contain any federal claims, the Court no longer had subject matter jurisdiction under 28 U.S.C. § 1447(c), could not rule on the plaintiff's motion to amend the complaint, and had to remand the matter to the state court where the plaintiff could seek to amend the complaint).

*Command v. Bank of America, N.A.*, No. 1:10-cv-1117, 2014 WL 4104719 at *13 (W.D. Mich. Aug. 19, 2014).

        **II.    RECOMMENDATION**

Accordingly, I respectfully recommend that defendant's motion to dismiss (ECF No. 8) be **GRANTED** as to plaintiff's FDCPA claim and **DENIED without prejudice** as to plaintiff's state law claims, and that this lawsuit be **REMANDED** to the state court to address plaintiff's remaining state law claims.

Dated:  December 18, 2023               /s/ Ray Kent  
                                                 RAY KENT  
                                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).