UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS MEMMELAAR,

    Plaintiff,

v.

    Case No. 1:23-cv-476

    Hon. Hala Y. Jarbou

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

## ORDER

On December 18, 2023, Magistrate Judge Ray Kent issued a Report and Recommendation (R&R) recommending that Defendant's motion to dismiss be granted as to Plaintiff's FDCPA claim and denied without prejudice as to Plaintiff's state law claims, and that the lawsuit be remanded to the state court to address Plaintiff's remaining state law claims (ECF No. 49). The R&R was duly served on the parties. No objections have been filed, and the deadline for doing so expired on January 2, 2024. On review, the Court concludes that the R&R makes a sound recommendation regarding the disposition of the case. However, the Court will remand the case for slightly different reasons.

The magistrate judge concluded that the Court should dismiss Plaintiff's federal claim and that the Court lacks subject matter jurisdiction over Plaintiff's state-law claims.[1] However, dismissal of Plaintiff's federal claim does not deprive the Court of subject matter jurisdiction. The Court can exercise supplemental jurisdiction over Plaintiff's state law claims even though the Court has dismissed the only federal claim.

---

[1] Plaintiff raises a claim for breach of contract and a state law claim arising under state statutes "similar" to the FDCPA. (Compl., ECF No. 1-1, PageID.14.)

At any rate, remand is proper because the Court declines to exercise supplemental jurisdiction over the state law claims. The decision as to whether to exercise supplemental jurisdiction over state law claims is left to the discretion of the Court. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). In exercising that discretion, the Court must look to "considerations of judicial economy, convenience and fairness to the litigants" and avoid needless decisions of state law. *Gibbs*, 383 U.S. at 726.

Because disposition of the remaining state law claims will require the application of state law, the Court will remand the remaining claims to state court. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir.2006) ("[A] federal court that has dismissed a plaintiff's federal claims should not ordinarily reach the plaintiff's state-law claims[.]"); *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir.2004) ("[W]hen all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed"). This case is still in the early stages. The Court has reviewed the complaint to determine whether it states a federal claim. This is not a case where judicial economy or convenience outweigh concerns about needlessly deciding state law issues.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 49) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (ECF No. 8) is **GRANTED** as to Plaintiff's FDCPA claim and **DENIED** without prejudice as to Plaintiff's state law claims.

**IT IS FURTHER ORDERED** that Plaintiff's FDCPA claim is **DISMISSED** for failure to state a claim.

3

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the state court to address Plaintiff's remaining state law claims.

Dated: January 8, 2024             /s/ Hala Y. Jarbou
                                   HALA Y. JARBOU
                                   CHIEF UNITED STATES DISTRICT JUDGE